IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,432-01






EX PARTE JAMES LEE BYRD, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 995232-A IN THE 337TH DISTRICT COURT


FROM HARRIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to ninety-nine (99) years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. Byrd v. State,
No. 14-04-00883-CR (Tex. App. - Houston[14th], January 26, 2006, pet. ref'd).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because counsel
failed to investigate or call any witnesses in mitigation at punishment.

 The trial court has entered findings that the totality of the representation afforded the Applicant was
sufficient to protect his right to reasonably effective assistance of counsel. However, Applicant has alleged
facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte
Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial
court is the appropriate forum for findings of fact. The trial court shall provide Applicant's trial counsel with
another opportunity to respond to Applicant's claim of ineffective assistance of counsel. The trial court may
use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial
court may rely on its personal recollection and court records. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings of fact as to whether the performance of Applicant's trial attorney
during the punishment phase was deficient and, if so, whether counsel's deficient performance prejudiced
Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: October 10, 2007

Do not publish